IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JH )<br>By his mother )<br>And next friend, Tonya Jones )<br>2319 North Capital Street, N.E. )<br>Washington, D.C. 20002 )<br>)<br>and )<br>)<br>TONYA JONES )<br>2319 North Capital Street, N.E. )<br>Washington, D.C.  20002 )<br>)<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>A Municipal Corporation, )<br>John A. Wilson Building )<br>1350 Pennsylvania Ave., N.W. )<br>Washington, D.C.  20004 )<br>)<br>and )<br>)<br>Dr. Clifford Janey, )<br>In his official capacity as )<br>Superintendent of the )<br>D.C. Public Schools, )<br>825 North Capitol Street, N.E. )<br>Washington, D.C. 20002 )<br>)<br>    Defendants. )<br>_____) | Civil Action No. |

COMPLAINT FOR JUDICIAL REVIEW
OF ADMINISTRATIVE HEARING OFFICER'S DECISION AND ORDER

INTRODUCTION

This action is brought under the Individuals with Disabilities Education

Improvement Act (IDEIA) as amended, 20 U.S.C. Sections 1400 *et seq.*, seeking review

and either remand or correction of a Hearing Officer's Fifth Decision and Order signed and issued August 23, 2004. In that Fifth Decision and Order, the Hearing Officer provided a modified plan for specific compensatory education services as a remedy for his earlier determination (Decision and Order issued December 13, 2004) that D.C. Public Schools had denied plaintiff Tonya Jones' son, plaintiff JH, a free, appropriate public education for three years, from September 2000 to September 2003. Unfortunately, there are two sets of typographical errors in the implementation dates of the plan for those compensatory education services, which resulted from the fact that counsel for the plaintiff had made typographical errors in preparing a proposed order, and the Hearing Officer incorporated that part of the proposed order by reference and attachment in his Fifth Decision and Order.[1]

## JURISDICTION

1. This Court has jurisdiction pursuant to the Individuals with Disabilities Education Act, 20 U.S.C.A. Section 1400 et seq., and pursuant to 28 U.S.C. Section 1331.

## PARTIES

2. Plaintiff JH is a twelve year old District of Columbia public school student. Since September 2003, he has been attending Prospect Learning Center, a D.C. public

---

[1] On November 17, 2005 Plaintiffs' counsel filed at the Student Hearing Office (of the D.C. Public Schools) and served on all counsel a Consent Motion to Correct Typographical Errors in the Fifth Decision and Order, issued August 23, 2005. If the Hearing Officer grants the Consent Motion, this Complaint will be moot. The Complaint is being filed today, November 18, as a precaution, because November 2l, 2005 is the ninetieth day following issuance of the Fifth Decision and Order, and therefore the last permissible day for requesting judicial review of the August 23, 2005 Order.

school for students with learning disabilities and related special needs. His disabilities include speech and language impairments (dysphasia and dyslexia), learning disabilities, and attention deficit hyperactivity disorder. Plaintiff JH brings this action through his parent and next friend, Mrs. Tonya Jones.

3. Plaintiff Tonya Jones is the mother and custodian of JH, and brings this action on behalf of her son and in her own right. They are residents of the District of Columbia, living at 2319 North Capital Street, N.E.

4. Defendant District of Columbia, a municipal corporation, is the entity that receives federal financial assistance for elementary and secondary education, and specifically for special education under the Individuals with Disabilities Education Improvement Act on an ongoing basis, and in all fiscal years relevant to this case. The District of Columbia controls most financial disbursements and funding for D.C. Public Schools, including but not limited to those funds which are used to pay for special education services for District of Columbia public school students.

5. Defendant Dr. Clifford Janey, the Superintendent of D.C. Public Schools ("DCPS") is sued in his official capacity. As Superintendent, he is responsible for D.C. Public Schools' compliance with the Individuals with Disabilities Education Improvement Act (IDEIA) and its implementing regulations.

FACTUAL ALLEGATIONS

6. In a Fifth Hearing Decision and Order signed and issued August 23, 2005, the Hearing Officer revised the Order awarding compensatory education relief to JH that he had originally issued on December 13, 2004 (based on a hearing held on November

22, 2004). In his December 13, 2004 Decision the Hearing Officer had found D.C. Public Schools denied plaintiff JH a free, appropriate public education for three years (from September 2000 to September 2003). In his accompanying Order (also issued December 13, 2004) he set forth a plan for compensatory education services to remedy that denial.

7.   There were two bases for the revisions the Hearing Officer made on August 23, 2005 in his original December 13, 2004 Order. First, the parent Mrs. Tonya Jones, through counsel, had requested revisions because Paragraph Two of the Order allocated more compensatory education hours to a specific computer-based reading program (Fast ForWord) than the student would be able to use. Second, while the parent's request for revision of the December 13, 2004 Order was pending in the Student Hearing Office, the United States Court of Appeals, in Reid v. District of Columbia, 401 F.3d 516, 534 (D.C. Cir. 2005) established a new, case-specific standard for formulating compensatory education awards in special education cases.

8.   Therefore, in Second, Third, and Fourth Orders the Hearing Officer provided additional time for further negotiation between the parties and further submissions from the parties regarding the re-allocation of compensatory education award hours in accordance with the Reid standard. This negotiation occurred, although it did not result in an agreement.

9.   On August 8, 2005, the parent, through counsel, submitted a proposed Alternative Compensatory Education Plan and Order. Unfortunately, counsel for the parent made two sets of typographical errors in that proposed Plan and Order. The proposed Plan and Order should have provided for the compensatory education plan to be

4

implemented beginning in school year 2005-06, and continuing for three years through school year 2007-08.  Instead, by mistake, counsel for the parent prepared and submitted a proposed Plan and Order providing for the compensatory education plan to begin in school year 2006-07 and to continue for three years through school year 2008-09, one year later than it should have begun and ended.

10. On August 23, 2005, the Hearing Officer issued his Fifth Decision and Order, describing the history of the litigation, and "incorporate[ing] by reference and attach[ing] to this order the parent's plan for immediate implementation by DCPS." Unfortunately, that plan contained the aforementioned typographical errors in the implementation dates for the compensatory education.

11. On September 13, 2005, counsel for the parent discovered the typographical errors in implementation dates.  Thereupon, counsel notified the parent Mrs. Tonya Jones and also notified counsel for the D.C. Public Schools.

12. After several contacts between counsel for the two parties, D.C. Public Schools, through counsel, agreed on November 8, 2005 to the filing of a Consent Motion with the Student Hearing Office to correct the typographical errors in the implementation dates contained in the August 23, 2005 Fifth Decision and Order.  Plaintiff and parent, Mrs. Tonya Jones, through counsel, filed that Consent Motion on November 17, 2005.

13. If, for any reason, the Consent Motion is not granted, Mrs. Tonya Jones' son JH will have to suffer a one-year delay in the implementation of his compensatory education plan, which was not the intent of the Hearing Officer's original Decision and Order (of December 13, 2005), or his Fifth Decision and Order (of August 23, 2005), both of which called for immediate implementation.

## CLAIM FOR RELIEF
(Violation of 20 U.S.C. Section 1415-
Inadequate Remedy for Denial of a Free Appropriate Public Education)

14. Plaintiffs incorporate the allegations of paragraphs One to Thirteen, above, as if fully restated here.

15. The Hearing Officer's Fifth Decision and Order in this case, issued August 23, 2005, does not provide an adequate compensatory education remedy for the years in which D.C. Public Schools denied JH a free, appropriate public education under the Individuals with Disabilities Act, because of the typographical errors contained therein in the implementation dates for the compensatory education services plan.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs ask this Court to:

1. Review the record in this matter, including the post-hearing record;

2. Either:

    a. Remand the matter to the District of Columbia Public Schools Special Education Student Hearing Office, with a request that the Hearing Officer grant the relief requested in the Consent Motion to Correct Typographical Errors in Fifth Order (issued August 23, 2005); or

    b. Issue an order from this Court correcting the typographical errors in the implementation dates for the compensatory education award set forth in the Fifth Order (issued August 23, 2005); and

3. Grant such other relief as may be deemed just and reasonable.

        Respectfully submitted,

        /s/ Laura Macklin_____
        Laura Macklin   #229740
        Family Advocacy Clinic
        Georgetown University Law Center
        111 F Street, N.W.  Room 312
        (202) 662-9542 (phone)
        (202) 662-9634 (fax)

        Counsel for Plaintiffs

November 18, 2005